IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN DELGADILLO MEZA,

Petitioner,

OPINION AND ORDER

v.

25-cv-609-wmc

WARDEN E. EMMERICH,

Respondent.

---

Petitioner Juan Delgadillo Meza is currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Representing himself, petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence by the United States Bureau of Prisons ("BOP"). (Dkt. #1.) Specifically, petitioner contends that he has been wrongly denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), which would shorten the length of his imprisonment. Respondent contends that relief must be denied because petitioner is not eligible for the time credits he seeks. (Dkt. #9.) The court agrees and, for reasons explained below, the petition will be denied.

OPINION

Petitioner, who is Mexican citizen, is currently incarcerated as the result of a conviction from the United States District Court for the District of Montana for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (h). *United States v. Delgadillo-Meza*, No. 16-cr-12-BLG-SPW-01 (D.

Mont. Dec. 21, 2017) (dkt. #212). Petitioner received a 151-month prison sentence in that case. His projected release date is February 22, 2027. Petitioner argues, however, that he would be entitled to expedited release if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"). (Dkt. #1.)

The First Step Act provides eligible inmates the opportunity to earn time credits, which apply toward time in prerelease custody or early transfer to supervised release through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). Petitioner believes he has been denied these credits because of a notice of detainer indicating that a final order of removal has been issued against him by immigration officials, which he disputes.

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Petitioner cannot make that showing here.

Respondent presents records confirming that an immigration judge issued an order of removal against petitioner in 2018 after finding that he had been convicted of an aggravated felony within the meaning of 8 U.S.C. § 1229b(a)(3). (Skelly Decl. (dkt. #11) ¶ 7.) After petitioner was sentenced to federal prison, immigration officials submitted an immigration detainer to FCI-Oxford, noting that probable cause existed that petitioner was

a removable alien because he was subject to a final order of removal. (*Id.* at ¶ 9.) Respondent has provided a copy of the final administrative order of removal. (Ex. 1 to Skelly Decl. (dkt. #11-1) at 3-5.) Federal prisoners who are "the subject of a final order of removal under any provision of the immigration laws" are ineligible to have FTCs apply to their sentences. 18 U.S.C. § 3632(d)(4)(E)(i). Petitioner does not dispute respondent's evidence and fails to refute the fact that a final order of removal has been entered against him, which disqualifies him from earning FTCs. Accordingly, the petition will be denied, and this case will be dismissed.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed under 28 U.S.C. § 2241 by petitioner Juan Delgadillo Meza (dkt. #1) is DENIED and this case is DISMISSED WITH PREJUDICE.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 4th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge